WILSON TURNER KOSMO LLP
MICHAEL S. KALT (173228)
NAOMI C. PONTIOUS (288580)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mkalt@wilsonturnerkosmo.com
E-mail: npontious@wilsonturnerkosmo.com

Attorneys for Defendants
OPTUM SERVICES, INC.; UNITED HEALTHCARE SERVICES, INC.; GERALD RAMOS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROBIK RASNAVAD,<br><br>    Plaintiff,<br><br>        v.<br><br>OPTUM SERVICES, INC., a Delaware corporation; UNITED HEALTHCARE SERVICES, INC., a Minnesota Corporation; GERALD RAMOS, an individual; and DOES 1-20,<br><br>    Defendants. | Case No. 2:21-cv-9874<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER**<br><br>**[28 U.S.C. § 1332(a), 1441, and 1446]**<br><br>Complaint Filed: September 20, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Optum Services, Inc., United Healthcare Services, Inc., and Gerald Ramos ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.  This Court has original subject matter jurisdiction over the lawsuit filed by Plaintiff Robik Rasnavad ("Plaintiff") pursuant to 28 U.S.C. section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.  Accordingly,

removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants forth the following facts in support of its Notice of Removal of Action:

## I.   BACKGROUND.

1. On September 20, 2021, Plaintiff Robik Rasnavad ("Plaintiff") filed a Complaint in the Superior Court for the State of California, County of Orange, entitled *Robik Rasnavad v. Optum Services, Inc., et al.,* Case No. 30-2021-01221951-CU-WT-CJC. (**Exhibit A**[1] to the Kalt Decl.). On November 29, 2021, Plaintiff filed his amendment to the Complaint, adding United Healthcare Services Inc. as a Defendant. (**Exhibit B** to the Kalt Decl.)

2. The Complaint alleges the following claims for relief: (1) Intentional Infliction of Emotional Distress; (2) disability discrimination under FEHA; (3) Failure to provide reasonable accommodations in violation of FEHA; (4) Failure to engage in a good faith interactive process in violation of FEHA; (5) Retaliation in violation of FEHA; (6) Failure to Prevent Retaliation and Discrimination in violation of FEHA; and (7) Wrongful termination in violation of public policy. All claims are asserted against the two perceived employer defendants (Optum Services, Inc. and United HealthCare Services, Inc.) while individual defendant Gerald Ramos is named only in the first claim for intentional infliction of emotional distress.

3. Plaintiff provided Defendant Gerald Ramos with a Notice and Acknowledgement of the Complaint on November 20, 2021. Defendant Gerald Ramos accepted service through counsel in a notice of acknowledgment on November 23, 2021. (**Exhibit C** to Kalt Decl.).

4. Plaintiff provided Defendants Optum Services and United Healthcare Services with a Notice and Acknowledgement of the Complaint on December 14, 2021. Defendants Optum Services Inc. and United HealthCare Services Inc accepted

---

[1] Unless otherwise noted, all exhibits are attached to the Declaration of Michael Kalt (Kalt Decl.) served herewith.

1. service through counsel in a notice of Acknowledgement on December 17, 2021. (**Exhibit D** to Kalt Decl.)

5. Defendants timely remove this action on the grounds that this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, because this action is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five thousand Dollars ($75,000.00), exclusive of interest and costs. Therefore, the case may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

## II.     COMPLETE DIVERSITY EXISTS

### A.     Plaintiff is a Citizen of California.

6. At the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. Plaintiff alleges he resides in Orange County, California. (Exhibit A, ¶ 1.) Plaintiff's residence is *prima facie* evidence that he is domiciled in California for purposes of diversity. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *9-10 (E.D. Cal. Mar. 18, 2008); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

### B.     Defendants Optum Services Inc. and United Healthcare Services Inc. are Diverse from Plaintiff.

7. Defendant Optum Services was Plaintiff's employer. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

8. Defendant Optum Services is, and at all relevant times was, a corporation duly organized in the State of Delaware with its principal place of business in the State of Minnesota. Optum Services was not at any time and is not currently a citizen of the State of California. (**Exhibit E** to the Kalt Decl.)

9. Defendant United Healthcare Services Inc. is and at all relevant times was, a corporation duly organized in the State of Minnesota with its principal place of

-3-     Case No. 2:21-cv-9874

business in the State of Minnesota. United Healthcare Services Inc. was not at any time and is not currently a citizen of the State of California. (**Exhibit D** to the Kalt Decl.)

### C. The Citizenship of the Doe Defendants is Disregarded.

10. The Complaint names Does 1-50 as defendants. (Exhibit A, ¶ 5.) Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the Doe defendants is disregarded for purposes of removal.

### D. Defendant Gerald Ramos Is Sham Defendant

11. The Complaint names Plaintiff's former supervisor, Gerald Ramos (Mr. Ramos") as an individual defendant. (Exhibit A.) in Plaintiff's first cause of action for intentional infliction of emotional distress. (Exh. A, ¶¶ 22-12.) This is the sole basis upon which Plaintiff claims to evade federal jurisdiction, as Plaintiff has not attempted to include Ramos as a Defendant against any other claims arising from the same facts as those asserted against his employer (nor can he).

12. Plaintiff alleges that after disclosing that the had depression and anxiety, Ramos "inquired as to Plaintiff's diagnosis" and "began micromanaging every step Plaintiff made with great displeasure." (Exhibit A, ¶ 13, see also ¶ 16, alleging Ramos was "further micromanaging Plaintiff" resulting in emotional distress.) Plaintiff further alleges that Ramos and Ramos' supervisor failed to accommodate his requests for accommodation, including his request that he be assigned a new supervisor. (Exhibit A, ¶ 18.)

#### 1. Sham Defendants Must be Disregarded For Purposes of Determining Diversity Jurisdiction

13. "A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was 'fraudulent' or a 'sham.'" *Ramirez v. Little Caesars Enterprises, Inc.*, No. 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *2 (C.D. Cal. Nov. 2, 2018), citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art," *McCabe*, 811 F.2d 1336, 1339 (9th Cir. 1987), and "does not connote any

intent to deceive on the part of plaintiffs or their counsel," *Ramirez*, 2018 WL 5816107, at *2.

14. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339 (finding individual managers to be sham defendants as to employee's claims for wrongful termination and intentional infliction of emotional distress). Fraudulent joinder is established if a defendant shows that an "individual joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

### 2. Plaintiff Cannot Establish Liability on Any Legal Theory for Sham Defendant Gerald Ramos

15. As mentioned, Plaintiff's only claim against Ramos is for allegedly causing him emotional distress. However, Plaintiff's claim for emotional distress premised upon Ramos' alleged conduct in supervising his performance (including allegedly criticizing or micromanaging it) is preempted by California's Workers Compensation Act. *Vacanti v. State Comp. Ins. Fund,* 24 Cal.4th 800, 814-815 (2001) [emotional distress allegedly caused by employer's abusive conduct during termination process held "collateral to or derivative of a compensable workplace injury"]; *Cole. v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160 (1987) [allegation that the employer acted "intentionally" or "unfairly" or "outrageously" or "intentionally to cause emotional distress resulting in disability" are not sufficient by themselves to permit a civil action outside the workers' compensation system].

16. While claims under the Fair Employment and Housing Act may provide an exception to Workers' Compensation preemption, Defendant Ramos has not been named in any such claim, strongly suggesting he was included solely to preclude federal diversity jurisdiction. Moreover, California and Federal Courts have uniformly precluded supervisors from being included as individual defendants based

-5-   Case No. 2:21-cv-9874
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

on personnel management decisions, recognizing that the proper (and sole) defendant for such claims is the employer. *See*; *Reno v. Baird*, 18 Cal. 4th 640, 645(1998) [precluding FEHA disability discrimination claim against supervisor, noting that employer is the proper defendant]; *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996) [precluding FEHA discrimination or an "aiding and abetting" discrimination claim from being asserted against an individual defendant].)

17.  These same courts have precluded plaintiffs from attempting to sidestep this immunity simply by affixing an alternative label. *Reno, supra,* 18 Cal.4th at 645 [wrongful termination claim against individual barred because "it would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric"]; *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008) [precluding FEHA retaliation claims against individual defendants].

18.  These same courts have consistently noted the difference between personnel management decisions (e.g., promotion decisions, disciplinary actions) entrusted to a supervisor that might support a discrimination or retaliation claim against the employer, and personally motivated animus outside of the supervisor's job duties that might support a harassment claim directly against the supervisor. *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2009). Preliminarily, Plaintiff has not asserted a harassment claim at all, let alone against Ramos, conceding that his claim is predicated solely upon the personnel management decisions underlying the discrimination and termination claims against the employer defendants. *Pineda v. Abbott Labs., Inc.*, 2018 WL 3487111 (C.D. Cal. 2018) [review of complaint for jurisdictional purposes is based upon claims and facts actually alleged therein, not to facts that theoretically could be alleged in an amended complaint]. Moreover, to avoid allowing plaintiffs to unilaterally abrogate the general rule of supervisor immunity simply by affixing a particular label, the courts have looked beyond the label to the underlying facts themselves. In this case, however, Plaintiff expressly

-6-      Case No. 2:21-cv-9874

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

attributes the alleged emotional distress arising out of Mr. Ramos' managing of Plaintiff, claiming it was "micromanaging" or because he failed to provide a preferred accommodation. These allegations, however, bespeak of personnel management decisions for which no individual liability can be asserted regardless of the theory. *Ramirez v. Little Caesars Enters.,* 2018 WL 5816107 (C.D. Cal. 2018) ["declining evaluation" and accommodation for disabilities, and making decisions whether to terminate, are personnel management actions, not harassment]; *Duran v. DHL Express, Inc.* 2016 WL 742864 (C.D. Cal. 2016) [holding that "refusal . . .to accommodate Palintiff does not qualify as . . . pervasive or severe conduct that would create a hostile work environment under the FEHA" for harassment purposes]; *Jones v. Thyssesenkrupp Elevator*, 2005 WL 8177458 (N.D.Cal. 2005) [(finding individual supervisor fraudulently joined since allegations about termination decision and requested accommodations rang of personnel management decisions for discrimination purposes, and were insufficient to justify intentional infliction of emotional distress claim].

19. To the extent managing, or "micromanaging" actions were wrongful or discriminatory, the proper recourse is against the employer, not against the individuals who performed the actions.

20. Thus, Plaintiff's sole claim against the Gerald Ramos cannot be maintained, and his citizenship may be disregarded for purposes of establishing diversity jurisdiction.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

21. From the face of the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs. The Complaint does not demand a specific dollar amount, but seeks compensatory damages that include past a future economic damages, past and future non-economic damages, pre and post judgment interest, costs of suit and attorneys' fees, exemplary and punitive damages, for the various

1 causes of action in the Complaint. (Exhibit A, p. 16 "Prayer for Relief".) Plaintiff has further confirmed the amount in controversy exceeds $25,000. (Exhibit A, p 1.)

22. "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005). When a complaint filed in state court does not demand a dollar amount, a removing party need only show it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.* 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v. Roadlink USA Pacific, LLC*, No. SACV 11-0445 DOC, 2011 WL 2261273, at *2 (C.D. Cal. June 7, 2011). Further, courts presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). The amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). Finally, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only where the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

23. As stated above, with respect to lost wages, Plaintiff's Complaint seeks "past and future lost wages, lost employee benefits..." (Exhibit A, p. 16, "Prayer for Relief".) Plaintiff alleges his employment was wrongfully terminated. (Exhibit A, ¶¶ 90-101.) The last day of Plaintiff's employment with OPTUM was July 29, 2021. (Exhibit A, ¶¶ 20.) At the time of Plaintiff's termination, he alleges he was earning $34.00 per hour working 40 hours per week. (Exhibit A, ¶ 12.)

-8-    Case No. 2:21-cv-9874
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

24. From July 29, 2021, to today's filing of December 22, 2021, this amounts to 146 working days. Plaintiff's alleged daily wages were $272 ($34.00/hour x 8 hours). Thus, Plaintiff seeks at least $39,712 in lost wages alone (not including lost benefits or future lost wages) in the past five months alone. If trial was held in the next 12 months, this would amount to an additional $70,720 in wages ($34.00/hour x 2080 working hours in a calendar year). Thus, if trial was held within the next 12 months, Plaintiff's past lost wages could be as high as $110,432 **before** calculation of any future lost wages.

25. Plaintiff also seeks damages for ongoing emotional and mental distress. The "vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial." *Richmond v. Allstate Insurance Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

26. Further, even where economic damages are minimal, a plaintiff's claim for ongoing emotional distress damages can exceed the jurisdictional threshold alone. *See, e.g., Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821-22 (1999) (affirming emotional distress damages award of over $450,000 on FEHA claim where plaintiff's economic damages were between less than $10,000 and at most $37,500).

27. Plaintiff seeks punitive damages. "The amount in controversy may include punitive damages when they are recoverable as a matter of law." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (holding amount in controversy may include punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount). Indeed, other FEHA discrimination cases have resulted in substantial punitive damages awards. *See, e.g., Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1165-67 (1998) (upholding a $3.5 million punitive damages award on

a FEHA claim); *Simmons*, 209 F. Supp. 2d at 1033 (citing punitive damages awards in employment discrimination cases ranging from $60,000 to $121,000,000).

28. Finally, Plaintiff seeks attorneys' fees, which are potentially recoverable under the FEHA (Cal. Govt. Code § 12965) and the Labor Code (Cal. Labor Code §§ 218.5, 2699(f)), and thus may be included in the amount in controversy analysis. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute). In assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Attorneys' fees are likely to exceed more than $75,000 alone should Plaintiff prevail. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013) (affirming attorneys' fee award of $697,000 despite recovery of $27,000 on FEHA claim); *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal.App.4th 440, 446 (2000) (affirming attorneys' fee award of $470,000 despite recovery of less than $40,000 on FEHA claims); *Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD-JLT, 2019 WL 4747949, at *4 (E.D. Cal. Sept. 30, 2019) (awarding $100,000 in attorneys' fees in PAGA action).

29. Taken together, the amount in controversy "more likely than not" well exceeds $75,000. Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g.*, *Jones v. CLP Resources, Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010). Accordingly, the amount in controversy requirement is satisfied.

## IV. THE OTHER REQUIREMENTS FOR REMOVAL ARE MET.

30. This Notice of Removal is being filed within thirty (30) days after Defendants' accepted service of the initial pleading in the Notice of Acknowledgment (**Exhibits C-D**.) Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

31. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

32. Removal to this Court is proper as the Superior Court of the State of California, County of Orange, where this action was originally filed, is located within the Central District of California. Therefore, this Court is the "district and division within which [the removed] action is pending." 28 U.S.C. § 1446(a).

33. Defendants filed their Answers to Plaintiff's Complaint in Superior Court on December 22, 2021. A true and correct copy of Defendants' Answers are attached as **Exhibit G and H.**

34. Pursuant to 28 U.S.C. § 1446(a), and to the best of OPTUM's knowledge, **Exhibits A-D, and G-I** constitute all the process, pleadings, and orders served in this action at the time of this removal.

35. Counsel for OPTUM certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange, and give notice of same to counsel for Plaintiff.

Dated:   December 22. 2021         **WILSON TURNER KOSMO LLP**

By:   */s/Michael S. Kalt*
MICHAEL S. KALT
NAOMI C. PONTIOUS
Attorneys for Defendants
OPTUM SERVICES, INC., and UNITED HEALTHCARE SERVICES, INC.