# Exhibit "A"

Electronically Filed by Superior Court of California, County of Orange, 09/20/2021 09:31:30 AM.
30-2021-01221951-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.
Case 8:21-cv-02119-JLS-DFM Document 1-2 Filed 12/22/21 Page 2 of 17 Page ID #:17

Ruben Limonjyan, Esq. (SBN 305307)
rlimonjyan@lawgroupla.com
**LIMONJYAN LAW GROUP, APC**
263 West Olive Avenue
Burbank, CA 91502
Tel: (213) 277-7444

Attorneys for Plaintiff,
ROBIK RASNAVAD

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| ROBIK RASNAVAD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OPTUM SERVICES, INC, a Delaware Corporation, GERALD RAMOS, an Individual, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Assigned for all purposes<br>Judge John C. Gastelum<br>Case No.: 30-2021-01221951-CU-WT-CJC<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **INTENTIONAL INFLICITION OF EMOTIONAL DISTRESS**<br>2. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>3. **FAILURE TO PROVIDE REASONABLE ACCOMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>4. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>5. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT FAILURE TO PROVIDE MEAL PERIODS**<br>6. **FAILURE TO PREVENT RETALIATION AND DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND OVER $25,000** |



-1-

**COMPLAINT FOR DAMAGES**

ROBIK RASNAVAD ("Plaintiff") is informed and believes, and alleges thereon, the following:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff, at all relevant times herein resided in Orange County, State of California.

2. Defendant OPTUM SERVICES, INC. ("OPTUM") is a Delaware Corporation with its principal place of business in Orange County, California.

3. Plaintiff is informed and believes, and thereon alleges, Defendant OPTUM is a company engaged in health services.

4. Defendant GERALD RAMOS ("RAMOS") is an individual residing in Orange County, California.

5. The unlawful acts pleaded herein occurred in Orange County, California.

6. Venue is proper in Orange County pursuant to California Government Code § 12965.

7. Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8. At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

9. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiff's injuries as herein alleged.

10. Pursuant to CAL. GOV'T CODE §§12960, et seq., Plaintiff filed a charge against Defendants with the California Department of Fair Employment and Housing ("DFEH") on September 17, 2021, less than three years from the date of most recent actionable offense. On September 17, 2021, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

///
///

**FACTUAL ALLEGATIONS**

11. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

12. Plaintiff began working for Defendant OPTUM, as an associate tech support analyst on or about December 27, 2020, working 40 hours per week, earning $34.00 per hour at the time of his termination.

13. In or about late-January 2021, Plaintiff informed his supervisor Defendant RAMOS that he is suffering from mental illness. Defendant RAMOS, immediately inquired as to Plaintiff's diagnosis and Plaintiff felt compelled to answer and explained that he is diagnosed with, among other things, depression and anxiety and is taking anti-depression medication, Duloxetine. Thereafter, Defendant RAMOS' attitude towards Plaintiff completely changed and he began micromanaging every step Plaintiff made with great displeasure, even though Plaintiff excelled in his position.

14. As the months passed, Plaintiff repeatedly requested Defendant RAMOS to stop unnecessary hostility towards him as it exacerbated his mental health condition. However, this only further angered Defendant RAMOS who continued the hostility towards Plaintiff as a result of his reporting of his mental illness.

15. Indeed, between the time Plaintiff informed Defendant of his mental disability and June of 2021, Plaintiff repeatedly asked Defendant RAMOS and Defendant RAMOS' supervisor, Don St. Ores ("St. Ores"), Defendant OPTUM's Director of Technical Support, to provide accommodations for Plaintiff's mental illness. The accommodations requested were in the form of, among other things, a modified break schedule and reduction in daily calls with Defendant RAMOS ranging from discussions related to work statuses and statistics to discussions related to Plaintiff's ability to keep his mental illness under control in a condescending manner. Based on Plaintiff's information and belief derived from his training when he first began his employment with Defendant OPTUM, it is Defendant OPTUM's practice to only hold one biweekly call to discuss performance statistics, which is what Plaintiff was requesting.

16. Despite Plaintiff's repeated pleas for mental health accommodations, Defendant RAMOS and Mr. St. Ores failed to address them even after Plaintiff followed all of Defendant



-3-

COMPLAINT FOR DAMAGES

1  OPTUM's requests, which proved to be nothing but a red herring. Plaintiff requested the
2  aforementioned accommodations due to his mental disability every month since he informed
3  Defendants of his mental health disability, but to no avail. Indeed, Defendant RAMOS made it clear
4  that Plaintiff's mental illness will not give him any special consideration, instead further
5  micromanaging Plaintiff and creating a hostile work environment.

6   17.  Defendant RAMOS' intentional mistreatment of Plaintiff due to his mental health
7  condition further exacerbated Plaintiff's mental health and began adversely affecting his work
8  performance as well as his personal life.

9   18.  As a result, in or about June 2021, Plaintiff made a formal request to Don St. Ores,
10 Defendant OPTUM's Director of Technical Support, to change his supervisor, as Defendant RAMOS'
11 hostility towards Plaintiff negatively affected Plaintiff's mental health. Plaintiff then made the same
12 request several more times to Mr. St. Ores, but was given various runarounds every time.

13  19.  Plaintiff's last request to change his supervisor due to his mental health, was made in
14 writing on or about July 14, 2021, at which point he expressed concern that his severe post-traumatic
15 stress disorder (PTSD), anxiety, and depression were exacerbated by Defendant RAMOS' behavior.
16 Plaintiff's request was once again shut down, without a simple request for any medical documentation
17 to that effect.

18  20.  Shortly thereafter, on or about July 28, 2021, Plaintiff made a request for another
19 accommodation for his mental health illness by requesting a quieter work area due to the nature of the
20 new work area that he was placed in only weeks earlier. This, yet another request for an
21 accommodation for his mental health illness, did not sit well with Defendant OPTUM, and proved to
22 be the final straw that led to his termination on or about July 29, 2021.

23  21.  Plaintiff was left embarrassed, ashamed, emotionally broken, and in financial
24 desperation for having been directly discriminated against because of his disability and request for
25 accommodations, even despite outstanding and loyal service to Defendant OPTUM.
26 ///
27 ///
28 ///



**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

22. Plaintiff incorporates by reference, all allegations in the above paragraphs of this Complaint as though fully set forth herein.

23. Defendant RAMOS' conduct as previously pleaded herein was extreme and outrageous.

24. Defendant RAMOS intended to cause Plaintiff emotional distress by engaging in the previously mentioned acts.

25. Alternatively, Defendant RAMOS acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

26. As a direct and proximate result of Defendant RAMOS' actions, Plaintiff has suffered severe emotional distress.

27. Defendant OPTUM is vicariously liable for Defendant RAMOS' harassing conduct because it failed to take reasonable corrective measures when it knew or should have known of the harassment. Therefore, Defendant RAMOS' conduct was undertaken with the prior approval, consent, and authorization of Defendant OPTUM and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

28. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

29. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

30. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental



expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

31. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

32. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant OPTUM's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant OPTUM and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SECOND CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE FAIR EMPLOYMENT AND HOUSING ACT
### (Against Defendant OPTUM Only)

33. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant OPTUM.

35. At all times relevant to this action, Defendant OPTUM was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

36. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j) because of his perceived disability and/or being regarded as disabled.

37. At all times relevant to this action, Defendant OPTUM unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his perceived disability and/or being regarded as disabled.

38. Defendant OPTUM was substantially motivated to terminate Plaintiff because of his perceived disability and/or regarding him as disabled.

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

41. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

42. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

43. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant OPTUM's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant OPTUM and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

///
///
///



# THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### (Against Defendant OPTUM Only)

44. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

45. At all times relevant to this action, Plaintiff was employed by Defendant OPTUM.

46. At all times relevant to this action, Defendant OPTUM was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

47. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j), because of Plaintiff's perceived disability and/or being regarded as disabled.

48. Defendant OPTUM unlawfully failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and constructive knowledge of his perceived disability, in violation of CAL. GOV'T CODE §§ 12940(n) and 12926.1(e), as previously pled herein.

49. Defendant OPTUM's failure to engage in a good faith interactive process with Plaintiff was substantially motivated by his perceived disability and medical leave of absence as previously pled herein.

50. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

51. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.



52. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

53. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

54. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant OPTUM's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant OPTUM and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
### (Against Defendant OPTUM Only)

55. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

56. At all times relevant to this action, Plaintiff was employed by Defendant OPTUM.

57. At all times relevant to this action, Defendant OPTUM was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

58. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j), because of Plaintiff's perceived disability and/or being regarded as disabled.

59. At all times relevant to this action, Defendant OPTUM unlawfully failed to provide

Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had actual and constructive knowledge of his perceived disability and need for accommodations, and Plaintiff's actual and constructive requests for accommodations.

60. Defendant OPTUM's failure to accommodate Plaintiff was substantially motivated by his perceived and/or regarded as disability, as previously pled herein.

61. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

62. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

63. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

64. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

65. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant OPTUM's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant OPTUM and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.



**COMPLAINT FOR DAMAGES**

# FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### (Against Defendant OPTUM Only)

66. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

67. At all times relevant to this action, Plaintiff was employed by Defendant OPTUM.

68. At all times relevant to this action, CAL. GOV'T CODE §12900 et seq. were in full force and effect and were binding upon Defendant OPTUM. These sections, inter alia, require Defendant OPTUM to refrain from discriminating and retaliating against any employee on the basis of disability, regarding him/her as disabled, medical leave of absence, request for accommodation, and opposition to conduct related thereto.

69. Defendant OPTUM engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

70. Plaintiff's assertion of her rights under CAL. GOV'T CODE §12900 et seq. and opposition to unlawful conduct was a substantial motivating reason for Defendant OPTUM's decision to retaliate against and terminate him. Defendant OPTUM's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

71. At all times relevant to this action, Defendant OPTUM unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating him.

72. Defendant OPTUM' retaliatory termination of Plaintiff's employment was substantially motivated by his perceived disability, regarding him as disabled, request for accommodation, and opposition to conduct related thereto, as previously pled herein.

73. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.



**COMPLAINT FOR DAMAGES**

74. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

75. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

76. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

77. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant OPTUM's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant OPTUM and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SIXTH CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
### (Against Defendant OPTUM Only)

78. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

79. At all times relevant to this action, Plaintiff was employed by Defendant.

80. At all times relevant to this action, Defendant OPTUM was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

81. At all times relevant to this action, Plaintiff was a member of a protected class within

the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j), because of Plaintiff's perceived disability and/or regarding him as disabled.

82. At all times relevant to this action, Defendant OPTUM unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of a perceived disability, regarding him as disabled, request for accommodation, and opposition to conduct related thereto.

83. Defendant OPTUM was substantially motivated to terminate Plaintiff on the basis of a perceived disability, regarding him as disabled, request for accommodation, and opposition to conduct related thereto, as previously pled herein.

84. Defendant OPTUM failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant OPTUM became aware of the discriminatory and retaliatory conduct. Instead, Defendant OPTUM terminated Plaintiff in bad faith.

85. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

86. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

87. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

88. Plaintiff is informed and believes, and thereon alleges that the employees, officers,



directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

89. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant OPTUM's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant OPTUM and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant OPTUM Only)

90. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

91. At all times relevant to this action, Plaintiff was employed by Defendant OPTUM.

92. At all times relevant to this action, CAL. GOV'T CODE §12900 et seq. were in full force and effect and were binding upon Defendant. These sections, inter alia, require Defendant OPTUM to refrain from terminating any employee on the basis of disability, regarding him/her as disabled, requests for reasonable accommodations, and opposition to conduct related thereto, as previously pled herein.

93. Defendant OPTUM's conduct as previously alleged was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 et seq.

94. Plaintiff's assertion of her rights under CAL. GOV'T CODE §§12900 et seq. was a substantial motivating reason for Defendant OPTUM's decision to terminate Plaintiff. Defendant OPTUM's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

95. CAL. GOV'T CODE §§12900 et seq. evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.



96. Defendant OPTUM's wrongful termination of Plaintiff's employment was substantially motivated by his perceived disability, regarding him as disabled, requests for reasonable accommodations, and opposition to conduct related thereto, as previously pled herein.

97. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

98. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

99. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

100. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

101. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant OPTUM's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant OPTUM and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

///

///



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ROBIK RASNAVAD prays for relief and judgment against Defendants OPTUM SERVICES, INC, GERALD RAMOS., and DOES 1 through 20 as follows:

1. Past and future economic and non-economic damages according to proof;
2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;
3. Injunctive relief compelling Defendant OPTUM to reinstate Plaintiff to his previous position, prohibiting Defendants from engaging in similar unlawful conduct as complained of herein, and ordering Defendant OPTUM to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;
4. Declaratory relief that Defendants' conduct as complained of herein was a violation of Plaintiff's rights;
5. Punitive damages; and
6. All other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims as provided by California

Dated: September 17, 2021                    **LIMONJYAN LAW GROUP, APC**

By: _____
Ruben Limonjyan, Esq.
Attorneys for Plaintiff,
ROBIK RASNAVAD



**COMPLAINT FOR DAMAGES**

Exh. A - 21